## CIRCUIT COURT OF THE CITY OF RICHMOND

Charlie B. Williams, Jr.

v.

Smith-Moore Body Co., Inc.

July 27, 1983

Case No. LF 1239

By JUDGE WILLARD I. WALKER

This matter is before the court for a determination whether or not information acquired by a workmen's compensation carrier in anticipation of litigation or for trial is protected by the provisions of Rule 4:1(b) and, therefore, require that a person seeking this information make a showing that he has substantial need of the materials in the preparation of his case, and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.

Based on the information before me, which is somewhat sketchy, I conclude that the workmen's compensation carrier did put together the information in question, including the expert opinion data, in anticipation of litigation or for trial. I base this decision in part on the fact that the workmen's compensation carrier, by the very nature of its relationship to the plaintiff in this case, would have to be anticipating a workmen's compensation claim and the possible subrogation upon that claim at some subsequent time.

The question narrows down to whether or not the workmen's compensation carrier under those circum-

stances comes within the parenthetical phrase in Rule 4:1(b)(3) "(including his attorney, consultant, surety, indemnitor, insurer, or agent)."

I conclude that the workmen's compensation carrier is none of these to the plaintiff. Clearly the comp carrier is not a party to this action. Clearly the comp carrier did not acquire the data on which discovery is sought as part of preparation to bring this lawsuit, and clearly the comp carrier did not do this at the request of, or on behalf of, the plaintiff. Indeed, initially, the comp carrier has a potentially adverse interest to that of the plaintiff in that it may be seeking to resist the payment of the comp claim. It is true, as counsel for the plaintiff argues, that once we get past the point of where the workmen's comp carrier is seeking to protect itself from the assertion of the comp claim, then the interest of the comp carrier and that of the plaintiff become synonymous; however, that fact does not mean that the comp carrier is acquiring this data as some sort of a representative of the plaintiff. The evidence before me does not indicate that the comp carrier, in putting together this material, was doing so as a representative of the plaintiff in any capacity.

I am not saying there could not be a case in which the comp carrier could enjoy this status. If, through some arrangement with the plaintiff and plaintiff's counsel, the comp carrier is using its resources to acquire data to protect both its own comp lien as well as the claim of the plaintiff, then upon such a showing I could well rule that the comp carrier under those circumstances was acting as a representative of the plaintiff, and the information would be protected by the provisions of Rule 4:1(b)(3).